**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JUAN C. BLACKMON-EL,  ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 1:09-cv-439-DFH-TAB |
| ) | |
| THOMAS D. HANLON, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for a Writ of Habeas Corpus**

In a prison disciplinary proceeding identified as No. CIC 08-10-0107, Juan C. Blackmon-El was found guilty of violating prison rules by intimidating or threatening others with bodily harm or with an offense against the person or property. Contending that the proceeding is tainted by constitutional error, Blackmon-El seeks a writ of habeas corpus. Because the court finds that there was no error of that nature, Blackmon-El's habeas petition must be **denied.** This conclusion rests on the following facts and circumstances:

1.      Blackmon-El is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)).

2.      "A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient." *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). In these circumstances, Blackmon-El was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the

evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539 (1974); *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

      3.    Using the protections recognized in *Wolff* and *Hill* as an analytical template, Blackmon-El received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Blackmon-El was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of its findings, and (3) the hearing officer issued a written reason for his decision and for the sanctions which were imposed.

      4.    "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Blackmon-El to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. This includes his claims that he was denied an impartial hearing because his case was heard by a single hearing officer instead of a three-person board, that there were procedural irregularities in the matter, and that his request for video evidence was denied. Due process does not require a multi-member decision-maker in these circumstances, the asserted irregularities are simply of no consequence, and there was no security video to be viewed, even though one had been requested. Accordingly, Blackmon-El's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

      So ordered.

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: October 30, 2009